# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GRIFFIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 19-CV-2232 |
| JOHN WETZEL, *et al.*,<br>    Defendants. | :<br>:<br>: |

FILED
MAY 2 9 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**BEETLESTONE, J.**                                                               MAY 29, 2019

Plaintiff John Griffin, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated in connection with the loss of his property. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Griffin leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.

## I.   FACTS

Griffin was previously incarcerated at SCI Graterford. As that prison was closing, inmates and their property were relocated to SCI Phoenix. Griffin alleges members of a Corrections Emergency Response Team ("CERT") took custody of his personal property in connection with the move. When Griffin arrived at SCI Phoenix, he did not receive all of his personal property; it appears that property was lost. Major Clark allegedly told Griffin and other prisoners that she would look into it and try to have their property returned. (Compl. at 3.) Griffin filed a grievance about his lost property, but he did not receive a response.

Based on those allegations, Griffin filed this lawsuit against John E. Wetzel, Secretary of Corrections; Tammy Ferguson, Superintendent of SCI Phoenix; Juanita J. Wilcox, a unit

1

manager as SCI Phoenix; and the Governor. All Defendants are sued in their official capacities. Griffin alleges claims under the First Amendment, the Fourteenth Amendment, and the Pennsylvania Constitution. He seeks money damages for his lost property.

## II. STANDARD OF REVIEW

The Court grants Griffin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Griffin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While Griffin asserts constitutional claims based on the loss of his property, negligent or intentional deprivations of property by a state employee do not give rise to the level of

---

[1] However, as Griffin is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

constitutional claims if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Griffin cannot state a due process claim because the prison grievance system and Pennsylvania law provide him with an adequate state remedy for the deprivation of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy). Griffin has not stated a plausible equal protection claim because he has not alleged he was treated differently from other prisoners due to race- or religion-based animus. *Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)). Indeed, he alleges that numerous prisoners suffered the same loss of property that he experienced. Finally, Griffin has not stated a plausible First Amendment claim since he does not claim that any religious items were lost, so as to support a freedom of religion claim, and while he asserts that "some of my legal papers were lost," he does not allege that he lost any opportunity to pursue a nonfrivolous or arguable underlying claim, making implausible any First Amendment claim based on denial of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)) (holding

3

that where a plaintiff alleges that the defendants' actions have cost him the opportunity to pursue a past legal claim, he "must show (1) that [he] suffered an 'actual injury' — that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) that he has no remedy "other than in the present denial of access suit," and "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'")

Furthermore, Griffin's claims based on the handling of his grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). In sum, the facts alleged by Griffin do not give rise to a plausible basis for a constitutional claim.

Finally, Griffin brings his claims against all Defendants in their official capacities. The claims are also implausible because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Griffin's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Griffin will not be given leave to amend because amendment would be futile.[2] An appropriate Order follows.

BY THE COURT:

_____
WENDY BEETLESTONE, J.

---

[2] Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over Griffin's state law claim alleging a violation of the Pennsylvania Constitution. Accordingly, the only independent basis for jurisdiction over the claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Because complete diversity is clearly lacking, there is no basis for exercising jurisdiction. Griffin is free to pursue any state law claim in an appropriate state court.