IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GRIFFIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2232 |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

In a prior Memorandum and Order entered on May 29, 2019 (ECF Nos. 5, 6), the *pro se* Complaint filed by Plaintiff John Griffin, a prisoner currently incarcerated at SCI Phoenix, was dismissed for failure to state a plausible civil rights claim pursuant to 42 U.S.C. § 1983. The Complaint was based on allegations that Griffin's constitutional rights were violated in connection with the loss of his personal property in the relocation of prisoners from SCI Graterford to SCI Phoenix. Presently before the Court is Griffin's Amended Complaint.[1] For the following reasons, the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.**    **FACTS**

Griffin again alleges that as SCI Graterford was closing and its inmates and their property were relocated to SCI Phoenix, members of a Corrections Emergency Response Team ("CERT") took custody of, and subsequently lost, his personal property. Among the lost property were "appellate briefs, transcripts, work product, research, rulings, and other pleadings being prepared to be filed and/or prepared to file by [Griffin], in his criminal proceedings and appeals []." (*Id.* at

---

[1] The dismissal was originally entered with prejudice. However, in a subsequent Order entered on June 26, 2019 (ECF No. 9), the "with prejudice" language of the Order was vacated and Griffin was granted leave to file an amended complaint. After he was granted two extensions of time, Griffin filed his Amended Complaint on October 23, 2019. (*See* ECF No. 14.)

1

3.) Griffin asserts that because Defendant Tammy Ferguson, the Warden of SCI Phoenix, suspended the prison grievance process, he "was never afforded a full and fair opportunity to recapture his legal materials." He also alleges that numerous personal items were lost in the move.

Griffin asserts one claim for denial of "substantial and procedural due process" based upon the Defendants' violation of the prison policy governing the relocation of inmates' personal property to the new facility and violation of the portion of the same policy governing property confiscated during the move. He alleges that, although he did not receive back all of his property, he never received a list of items confiscated from him and was thus deprived of the opportunity to challenge the alleged confiscation. He also alleges he was deprived of the grievance and appeal process. Based on these allegations, Griffin asserts a § 1983 claim under the First and Fourteenth Amendments against Defendants John E. Wetzel, Secretary of Corrections; Tammy Ferguson, Superintendent of SCI Phoenix; and Juanita J. Wilcox, a unit manager as SCI Phoenix.

## II. STANDARD OF REVIEW

As the Court previously granted Griffin leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint at any time if it fails to state a claim. Whether a complaint fails to state a claim under Section 1915 is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As

Griffin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

II.  **DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Court previously explained in dismissing the original Complaint, while Griffin asserts due process claims based on the loss of his property, negligent or intentional deprivations of property by a state employee do not give rise to the level of constitutional claims if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Griffin was also advised that he could not state a plausible due process claim because the prison grievance system as well as Pennsylvania common law provided him with an adequate state remedy for the deprivation of his property. *Id.* Notably, Griffin has appended to his Amended Complaint a copy of a complaint he has filed in state court seeking monetary damages for his lost property.

Griffin attempts to pursue a procedural due process claim based on the suspension of the prison grievance system by Defendant Ferguson. But "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Griffin's claim that Defendant Ferguson suspended the prison grievance system, thereby preventing him from using it to recover the value of his lost property, is thus not a plausible basis for a constitutional claim.

Griffin also does not explain how Defendants Wetzel and Wilcox were involved in the grievance process or otherwise personally acted to violate his due process rights. To the extent

3

that Griffin seeks to state a substantive due process claim, the conduct he describes does not rise to the level of conscience shocking. *See Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct."); *Hughes v. Kostingo*, 2006 WL 367890, at *4 (W.D. Pa. Feb. 15, 2006) (dismissing prisoner's claim of a substantive due process violation because no set of facts relating to the prisoner's missing property would shock the conscious of the court). Having already afforded Griffin an opportunity to amend his complaint to state a plausible § 1983 claim, and it appearing that any further amendment would be futile, the Amended Complaint is dismissed with prejudice.[2]

An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**

---

[2] To the extent that Griffin's mention of the First Amendment — without any further explanation for the basis for such a claim — may be interpreted as Griffin again seeking to raise a First Amendment "access to the courts" claim based on the loss of his legal materials, this claim is also implausible. As the Court previously explained, to state such a claim Griffin must allege that he lost an opportunity to pursue a nonfrivolous or arguable underlying claim. *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). While Griffin mentions pleadings "being prepared to be filed," he does not allege that he lost a nonfrivolous, arguable underlying claim due to the loss of the material. Having explained this requirement to Griffin, his failure to make such an allegation renders the claim implausible and shows that any further attempt at amendment would be futile.