IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GRIFFIN,      : | |
|     Plaintiff,      : | |
|                : | |
| v.      : | CIVIL ACTION NO. 19-CV-2232 |
|                : | |
| JOHN WETZEL, *et al.*,      : | |
|     Defendants.      : | |

**MEMORANDUM**

Pro se Plaintiff John Griffin has responded to the Court's Order, filed on January 10, 2020, in which the Court vacated a prior Memorandum and Order, directed the Clerk of Court to return Griffin's unsigned Amended Complaint ("AC") to him for signature, and permitted Griffin to prepare and file a new amended complaint.[1] Griffin has returned the AC with a signature and also filed a supplemental pleading. The Court will deem the entire filing to constitute a Second Amended Complaint ("SAC"). For the following reasons, the constitutional claims contained in the SAC will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and the state law claims will be dismissed for lack of subject matter jurisdiction.

---

[1] Griffin filed his original Complaint on May 22, 2019, asserting a claim pursuant to 42 U.S.C. § 1983 arising from the destruction of his personal property during the transfer of prisoners from SCI Graterford to SCI Phoenix. The original Complaint was dismissed with prejudice for failure to state a plausible civil rights claim pursuant to 42 U.S.C. § 1983. However, in a subsequent Order, entered on June 26, 2019, the "with prejudice" language of the Order was vacated, and Griffin was granted leave to file an amended complaint. After he was granted two extensions of time, Griffin filed his AC on October 23, 2019.

In a subsequent Memorandum and Order, the AC was dismissed with prejudice because Griffin failed to cure the defects identified in his original Complaint. Unnoticed at that time, Griffin's AC was unsigned. Griffin sent a letter to the Clerk of Court on January 8, 2020, in which he stated that he did not intend the unsigned AC to be filed. Because the unsigned pleading should have been returned to Griffin when it was received, the Court vacated its Memorandum and Order, ordered the unsigned pleading to be returned to Griffin for signature, and permitted him to prepare a new pleading.

1

**I.      FACTS**

Griffin again alleges that, as SCI Graterford was closing and its inmates and their property were relocated to SCI Phoenix, members of a Corrections Emergency Response Team ("CERT") took custody of, and subsequently lost, his personal property. Among the lost property were "appellate briefs, transcripts, work product, research, rulings, and other pleadings being prepared to be filed and/or prepared to file by [Griffin], in his criminal proceedings and appeals []." Griffin asserts that, because Defendant Tammy Ferguson, the Warden of SCI Phoenix, suspended the prison grievance process, he "was never afforded a full and fair opportunity to recapture his legal materials." He asserts that Ferguson and Defendant Unit Manager Juanita Wilcox acted arbitrarily to deny him adequate compensation for his lost property, and Defendant Wilcox refused to conduct any hearing about his property. Griffin alleges he was subject to retaliation due to his advocating for himself about his lost property. Numerous personal items were allegedly lost in the move, including legal materials and a religious item.

Griffin asserts a claim for denial of substantive and procedural due process[2] based upon the Defendants' violation of the prison policy governing the relocation of inmates' personal property to the new facility, and their violation of the portion of the same policy governing property confiscated during the move. He alleges that, although he did not receive back all his property, he never received a list of items confiscated from him and was thus deprived of the opportunity to challenge the alleged confiscation. He also alleges he was deprived of the grievance and appeal process. Based on these allegations, Griffin asserts First and Fourteenth

---

[2] Although Griffin uses the word "substantial," the Court interprets his use of the word to assert a "substantive" due process claim.

2

Amendments claims under § 1983 against Defendants John E. Wetzel, Secretary of Corrections, Ferguson, and Wilcox.[3] He also alleges a state law claim for negligence.

## II. STANDARD OF REVIEW

As the Court previously granted Griffin leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) (1996) applies, which requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Griffin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

### a. Substantive and Procedural Due Process Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Court previously explained in dismissing the original Complaint, while Griffin asserts due

---

[3] Although it is not completely clear from the SAC, the First Amendment claim appears to be based on: (1) a denial of access to the courts due to the alleged destruction of legal materials; (2) possibly a free exercise claim based on the loss of his prayer rug; and, (3) a retaliation claim based upon his "speak[ing] out against an unjust act." To the extent that Plaintiff is seeking money damages under the Pennsylvania constitution, he is not entitled to them. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

process claims based on the loss of his property, negligent or intentional deprivations of property by a state employee do not give rise to constitutional claims if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Further, Griffin could not state a plausible due process claim because the prison grievance system as well as Pennsylvania common law provided him with an adequate state remedy for the deprivation of his property.[4] *Id.*

In his SAC, Griffin again attempts to pursue a procedural due process claim based on the suspension of the prison grievance system. This claim must again be dismissed because it is implausible. "Prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam); *Bonner v. Sipple*, 392 F. Supp. 3d 594, 601 (E.D. Pa. 2019) (citing *Jackson*). Accordingly, Griffin's claim that Defendant Ferguson suspended the prison grievance system and Defendant Wilcox would not give him a hearing, thereby preventing him from recovering the value of his lost property, is not a plausible basis for a constitutional claim. Griffin also does not explain how Defendant Wetzel was involved in the grievance process or otherwise personally acted to violate his due process rights. To the extent that Griffin seeks to state a substantive due process claim, the conduct he describes does not rise to the level of conscience shocking. *See Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct."); *Hughes v. Kostingo*, 2006 WL 367890, at *4 (W.D. Pa. Feb. 15, 2006) (dismissing prisoner's claim of a substantive due process

---

[4] Griffin appended to his AC a copy of a state court complaint seeking monetary damages for his lost property. (ECF No. 14 at 10-35.) It is unclear whether that complaint has actually been filed.

violation because no set of facts relating to the prisoner's missing property would shock the conscious of the court).  Having already afforded Griffin two opportunities to amend his complaint to state a plausible due process claim, and it appearing that any further amendment would be futile, the claims are dismissed with prejudice.

      b.     **First Amendment Claims**

As noted above, Griffin's First Amendment claims appear to be based on: (1) a denial of access to the courts due to the alleged destruction of legal materials; (2) a free exercise claim based on the loss of his religious articles; and, (3) a retaliation claim based upon his "speak[ing] out against an unjust act."  The denial of access claim is implausible.  As the Court previously explained, to state a denial of access claim Griffin must allege that he lost an opportunity to pursue a nonfrivolous or arguable underlying claim.  *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  Griffin has again failed to allege that he lost a nonfrivolous, arguable underlying claim due to the loss of the legal material.

To the extent that Griffin seeks to raise a free exercise claim based on the loss of his prayer rug,[5] the claim is also implausible.  The Supreme Court has recognized that the First Amendment guarantees that all prisoners must be afforded reasonable opportunities to exercise their religious freedom.  *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972).  *See also O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.") (citations omitted).  In order to state a plausible Free Exercise claim, a plaintiff must allege a "substantial burden" on the exercise.  *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981);

---

[5] Although he mentions "religious" property generally, the only specific item he alleges was lost was a prayer rug.

5

*Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972).  Stated another way, the free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden. *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989) (internal citations omitted). In addition, to state a denial of religious freedom claim in this instance, Griffin must allege that the destruction of his property was not reasonably related to a legitimate, penological interest. *O'Lone*, 482 U.S. at 349-50; *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "[C]ourts must [also] examine whether an inmate has alternative means of practicing his or her religion generally, not whether an inmate has alternative means of engaging in the particular practice in question." *DeHart v. Horn*, 227 F.3d 47, 55 (3d Cir. 2000).

Griffin alleges only that a prayer rug was lost or destroyed in the move to SCI Phoenix. He does not allege that he no longer has the ability to possess a prayer rug or practice the tenets of his religion.  Because he fails to assert that he is unable to practice his religion through alternative means even though he no longer has the specific religious property that was destroyed in the transfer, his First Amendment claim is not plausible.  *See O'Banion v. Anderson*, 50 F. App'x 775, 776 (7th Cir. 2002) ("O'Banion has no First Amendment freedom-of-religion claim because he does not suggest that the confiscation of his property restricted the exercise of his religious beliefs.  He cannot resurrect his property claim simply by characterizing the feathers and furs as 'religious property' without alleging that his religious observance was unreasonably restricted.").

Finally, Griffin's retaliation claim based upon his "speak[ing] out against an unjust act" is also implausible.[6]  To assert a plausible a First Amendment retaliation claim, a prisoner must

---

[6] While the Court is mindful that Griffin also used the word "retaliation" as part of his allegation that Defendants Ferguson and Wilcox acted arbitrarily, the context of the allegation indicates that he used the word to describe the

allege three things: (1) constitutionally protected conduct; (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and, (3) a causal link between the exercise of constitutional rights and the adverse action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Assuming that speaking out against an unjust act qualifies as protected conduct even in a prison context, Griffin fails to allege any adverse action, *i.e.,* any actual act of retaliation, arising from that conduct. To the extent he is suggesting that his grievance was adversely impacted, he has not done so in anything beyond conclusory terms insufficient to state a claim.

Having already afforded Griffin two opportunities to amend his complaint to state a plausible First Amendment claim, and it appearing that any further amendment would be futile, these claims are also dismissed with prejudice.

  c.  **State Law Claims**

Because the Court has dismissed Griffin's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a) (2005), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

---

alleged due process violation, rather than to describe a First Amendment retaliation claim.

7

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  As it appears from the face of the pleadings that diversity is lacking, the state law claims will be dismissed without prejudice.

An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**